Filed 9/30/25  P. v. Herrera CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B337905 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA466696) |
| v. | |
| JONATHAN ALEXANDER CHACON HERRERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Sam Ohta, Judge.  Affirmed with directions.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Jonathan Alexander Chacon Herrera was charged, by amended information, with 10 felonies, all of which were sex-based offenses involving a single minor victim (M.G.) that were alleged to have occurred between 2014 and 2018: lewd act upon a child under the age of 14 (Pen. Code, § 288, subd. (a); counts 1, 2, 5, 6, 9 & 10), and forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)(1); counts 3, 4, 7 & 8). Two aggravating factors were also alleged as to all 10 counts: M.G. was a particularly vulnerable victim and defendant took advantage of a position of trust in committing the offenses against her.

Before the start of the preliminary hearing, defendant rejected the People's plea offer of 40 years.

After numerous continuances due to the COVID-19 pandemic, defendant being quarantined for medical reasons, and defendant refusing to be transported to court, the case proceeded to a jury trial in September 2023. Defendant was represented by private counsel and was assisted by a certified Spanish language interpreter.

Testimony was received from several witnesses, including the investigating detective, the victim's mother, and M.G. M.G. testified she first met defendant when she was around seven years old and he began dating her mother. Defendant eventually moved in with them, and he seemed nice at first. M.G. testified that defendant then started to make inappropriate comments to her and started touching her inappropriately on her chest around the age of 10 or 11. Defendant progressed to touching her private parts, forcing oral sex on her and eventually raping her. The last rape occurred in December 2017. M.G. said defendant videotaped one rape and took pictures of her private parts. Defendant also

threatened M.G. and told her not to tell anyone. M.G. was scared of defendant because she had seen him mad and knew he carried a pocket knife. She eventually was able to explain to her mother in early 2018 how she was being abused and they went to the police.

The evidence received at trial included a recorded telephone call between defendant and M.G.'s mother, commonly referred to as a pretext call. During the call, defendant made various admissions about touching M.G. multiple times, which he blamed on the "devil," engaging in oral sex, and filming a sex act with M.G. Defendant also said he never ejaculated inside M.G. The evidence also included the recorded postarrest interview of defendant in which he admitted having sex with M.G. several times, perhaps five times, and also having "mutual" oral sex with her. Several photographs and a video taken by defendant of M.G.'s private parts were also presented to the jury.

Defendant exercised his right to testify at trial. Defendant denied raping M.G., having oral sex with M.G., or ever touching her inappropriately.

The jury found defendant guilty as charged and found true the aggravating facts.

Because defendant was found guilty of four violent sex offenses (counts 3, 4, 7 & 8), the trial court sentenced defendant under Penal Code section 667.6, subdivision (d), as to those four counts, explaining in detail its reasoning for imposition of a consecutive high term of 10 years on each of those counts. On the remaining six counts, the court sentenced defendant under the felony determinate sentencing law. (§ 1170.1.) The court selected count 9 as the base count and imposed a high term of eight years, plus consecutive two-year terms (one-third the

midterm) on each of counts 1, 5, and 6. The court imposed concurrent eight-year high terms on counts 2 and 10. The aggregate sentence imposed was 54 years in state prison. The court awarded defendant 2,456 days of presentence custody credits (2,136 actual, 320 conduct) and imposed various fines and fees.

This appeal followed.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The *Wende* brief included a declaration from counsel in which she explains she advised defendant she would be filing a *Wende* brief, forwarded the appellate record, notified him of his right to file a supplemental brief, and disclosed his right to discharge her as his attorney. Counsel also said she remains available to brief, upon request, any issues we may have following our independent review of the case. Defendant did not file a supplemental brief.

We have examined the record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with her responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.) We find no arguable appellate issues.

However, our review of the record shows clerical errors in the abstract of judgment. The abstract of judgment does not properly reflect the oral pronouncement of sentence by the trial court as contained in the reporter's transcript of the sentencing hearing on the following two matters: (1) a concurrent high term of eight years on count 10 (abstract erroneously states 10-year term); and, (2) imposition of fees under Penal Code section 1465.8 and Government Code section 70373 (abstract erroneously left

4

blank). On remand, the superior court is directed to prepare a corrected abstract of judgment that accurately reflects the trial court's oral pronouncement of sentence.

## DISPOSITION

The judgment of conviction is affirmed. On remand, the superior court is directed to prepare a corrected abstract of judgment that accurately reflects the court's imposition of sentence, including that a concurrent high term of eight years was imposed on count 10 and imposition of the court fees under Penal Code section 1465.8 and Government Code section 70373. The corrected abstract of judgment shall be transmitted to the Department of Corrections and Rehabilitation.


VIRAMONTES, J.

WE CONCUR:


STRATTON, P. J.


RUBIN, J.*

_____

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5